

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2009

# Mark Lewis v. Bell Atl Verizon

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mark Lewis v. Bell Atl Verizon" (2009). *2009 Decisions.* Paper 1545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3601
_____

MARK ANTHONY LEWIS,

Appellant
v.

BELL ATLANTIC/VERIZON; BELL ATLANTIC/VERIZON, Affiliate Company
'Core'; SUE PETRAN; ABBY ELTZ; RON SMITH; CHRIS BERGY; DEBBIE
DIVANTANTONIO; MICHELLE DIVANTANTONIO; MARK MONSO; PETER
TURK;  JOY GROODY; BOB GROODY; DAN KELLY; CARL; LINDA O'BRIANT;
DAVE PASKOWLSKI; DENNIS GREENEY; JOE GIMALAIRO; JOHN NATOLI;
JAMIE MURRAY; GEORGE KEEFE; DANIEL J. WHELLAN; VERIZON
DIRECTORY GRAPHICS, INC.; IDEARC MEDIA SERVICES-EAST, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-CV-01016)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2009
Before: BARRY, SMITH and GARTH, Circuit Judges

(Opinion filed: April 14, 2009)

_____

OPINION
_____

PER CURIAM

Mark Anthony Lewis appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting the defendant's[1] motion for summary judgment in his civil action. We will affirm.

Because the parties are familiar with the history and facts of the case, and because the District Court's memorandum contains a detailed account, we will recount the background in summary fashion. Lewis, an African American male, had been employed by Bell Atlantic Directory Graphics (now "Idearc Media Services," hereinafter "the Employer") as an advertisement compositor. Lewis's lawsuit alleged discrimination based essentially on three incidents. First, he noted that he was suspended in 1998 for misusing company time. However, the suspension was withdrawn, the incident was purged from his personnel file, and he was reinstated with back pay. Second, Lewis was suspended in February 1999 for having a verbal confrontation with a coworker,[2] and for falsifying his employment application to indicate that he had graduated from high school when he had not.[3] Although the Employer intended to terminate Lewis, his union

_____

[1] The complaint was dismissed as to the individual defendants named therein based on insufficiency of service of process. Dist. Ct. Order, entered Dec. 20, 2002, dkt. #23.

[2] Both parties to the confrontation were sent home for the day, with pay, pending investigation. Witnesses to the confrontation later indicated that Lewis was the aggressor.

[3] The incident with the coworker triggered an investigation into Lewis's application. In its letter offering employment, the employer informed Lewis that his employment was contingent on a successful background check, which could also take place after his employment began, and that the employer reserved the right to terminate him at any time

2

negotiated a "last chance agreement" in lieu of termination, and Lewis returned to work in March 1999.[4] The third incident Lewis's complaint relies on is his termination on March 27, 2000 for false reporting of time records and fraudulent receipt of short-term disability funds.[5]

Lewis filed a grievance with his union regarding his termination. Following proceedings, a Board of Arbitration found that the Employer had just cause to terminate Lewis. Lewis filed a charge of discrimination against the Employer with the United States Equal Employment Opportunity Commission, and received a right to sue letter on November 30, 2001. Lewis filed the complaint sub judice in February 2002. Following discovery, the District Court granted the Employer's motion for summary judgment, finding that Lewis had failed to establish a prima facie case of employment discrimination

_____

based on the background check.

[4] In July of 1999, Lewis filed an internal complaint stating that his 1998 and 1999 suspensions were the result of disparate treatment based on his race. The Employer hired an outside firm to investigate his claims. The firm found no evidence of racial discrimination or disparate treatment, and noted, inter alia, that between 1997 and 1998, the Employer had terminated four white employees for lying on their employment applications, while Lewis had been allowed to keep his job.

[5] Lewis had informed the Employer's short-term disability provider that he had been absent from work from January 24, 2000 until February 4, 2000. The disability provider paid short-term disability payments based on information provided by Lewis, even though, in actuality, he was not absent and was receiving regular pay from the Employer for that period. The Employer also found that Lewis had submitted a time sheet showing that he worked over seven hours on March 14, 2000, when he had only worked about one-half hour on that date. A manager corrected the time sheet to reflect the amount of time Lewis was actually at work before it was submitted.

3

based on the three incidents noted above. Lewis filed a timely notice of appeal of this decision. He also challenges the District Court's decision not to recuse upon his motion, and the District Court's rulings on his other motions.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevy v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

As Lewis did not submit direct evidence of discriminatory behavior, the District Court appropriately analyzed his discrimination claims under the familiar burden-shifting framework established by McDonnell Douglas v. Green, 411 U.S. 792 (1973). Under that framework, a plaintiff challenging an adverse employment decision has the initial burden

4

of establishing a prima facie case of discrimination.  See McDonnell Douglas, 411 U.S. at 802.  To set forth a prima facie case of disparate treatment a plaintiff must show that: "(1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination."  Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).  The burden then shifts to the employer to proffer a legitimate, nondiscriminatory reason for the adverse action.  McDonnell Douglas, 411 U.S. at 802.  Once that burden is met, the plaintiff must establish by a preponderance of the evidence that the nondiscriminatory reasons articulated by the employer are pretextual.  See Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999).  To defeat summary judgment, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

We conclude that the District Court's analysis and entry of summary judgment on Lewis's discrimination claim is fully supported by the record.  We agree with the District Court that Lewis did not meet his prima facie case of showing discrimination against him on account of his race, and, even assuming he did meet that burden, the Employer terminated him for legitimate, non-discriminatory reasons.  See Fuentes, 32 F.3d at 763

5

(noting that the employer's burden to articulate a legitimate, nondiscriminatory reason is "relatively light").

We agree with the District Court that Lewis's suspension in 1998 was not an adverse employment action, as he was reinstated with back pay and the incident was expunged from his record. We further agree that Lewis has not pointed to any evidence in the record that would allow a factfinder to infer that his 1999 suspension had anything to do with his race. To the contrary, the record shows that several white employees were fired for lying on their employment applications, while Lewis was given another chance on the job. Finally, we agree that Lewis presented no evidence to show that his termination was racially motivated. The District Court also properly found that even if Lewis had established a prima facie case, the Employer presented legitimate, non-discriminatory reasons for terminating him; i.e., attempting to submit a false time sheet, and collecting short-term disability benefits and wages at the same time. After thoroughly reviewing the record, we conclude that the District Court properly determined that Lewis did not demonstrate the existence of a genuine issue of material fact with regard to his discrimination claim.

Lewis contends that the District Court erred in failing to recuse upon his motion. We review a judge's decision not to recuse, under either 28 U.S.C. § 144 or § 455, for an abuse of discretion. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Under section 144, a judge must recuse if a party files a "sufficient affidavit"

6

establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144. Under section 455, a judge must recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Lewis cites various rulings of the District Court that were unfavorable to him as evidence that the District Court harbored a preconceived unfavorable judgment about him. Unfavorable rulings do not form an adequate basis for recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Moreover, we find nothing in the record that suggests "a deep-seated favoritism or antagonism" by the District Court that would preclude fair judgment. Liteky v. United States, 510 U.S. 540, 555 (1994). Nor do we perceive any facts from which a reasonable person would conclude that the impartiality of the District Court might reasonably be questioned. See 28 U.S.C. § 455(a); Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir. 1987). We discern no abuse of the District Court's discretion in the denial of Lewis's recusal motion.

We further find no evidence of bias and no abuse of discretion in the District Court's rulings on Lewis's other motions, including his discovery motions. See Lloyd v. Hovensa, LLC, 369 F.3d 263, 274-75 (3d Cir. 2004) (scope and conduct of discovery within sound discretion of trial court; appeals court reviews only for abuse of discretion). We find no record support for Lewis's claim that the Employer perpetrated a fraud on the Court.

7

For the foregoing reasons, we will affirm the judgment of the District Court.[6]

---

[6] Lewis's motion to file attachments as evidence and disk containing attachments is granted to the extent the documents were a part of the District Court record. This Court "cannot consider material on appeal that is outside of the district court record." In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).